1
2
3
4
5
6                          **UNITED STATES DISTRICT COURT**
7                               **DISTRICT OF NEVADA**
8   KENNETH FRIEDMAN,                    )
9              Plaintiff,                )
                                         )          3:16-cv-00016-RCJ-WGC
10         v.                            )
                                         )
11  QUENTIN BYRNE, et. al.,              )          **ORDER**
                                         )
12             Defendants.               )
                                         )
13  _____    )
14

15  **I.    DISCUSSION**

16         On August 19, 2016, the Court issued an order screening Plaintiff's civil rights complaint

17  brought pursuant to 42 U.S.C. § 1983.  (ECF No. 9).  Plaintiff has filed a motion to file

18  complaint (ECF No. 6), an *ex parte* motion to extend time to effect service of complaint (ECF

19  No. 7) and a motion for reconsideration (ECF No. 12).  Plaintiff asks the Court to reconsider

20  its dismissal of his Count I First Amendment retaliation claim as to defendant David Carpenter

21  and its dismissal of Plaintiff's Count II due process claim without leave to amend.

22         A motion to reconsider must set forth "some valid reason why the court should

23  reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to

24  persuade the court to reverse its prior decision."  *Frasure v. United States*, 256 F.Supp.2d

25  1180, 1183 (D. Nev. 2003).  Reconsideration is appropriate if this Court "(1) is presented with

26  newly discovered evidence, (2) committed clear error or the initial decision was manifestly

27  unjust, or (3) if there is an intervening change in controlling law."  *Sch. Dist. No. 1J v. Acands,*

28  *Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  "A motion for reconsideration is not an avenue to

    re-litigate the same issues and arguments upon which the court already has ruled."  *Brown v.*

1   *Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

2       Plaintiff asserts that defendant Carpenter "colluded and conspired" with defendant
3   Olivas "to use disciplinary action to perpetuate retaliation." (ECF No. 12 at 2-3). The
4   addendum to Plaintiff's complaint details how defendant Carpenter weighed evidence at
5   Plaintiff's hearing and gave more weight to the defendants' testimony than to Plaintiff's
6   witnesses. (*See* ECF 1-2 at 12). As stated in the Court's screening order, defendant
7   Carpenter was dismissed because he was only alleged to have fulfilled his routine duties in
8   the disciplinary process after the allegations were filed for allegedly retaliatory purposes. (ECF
9   No. 9 at 4-5). Plaintiff is attempting to re-litigate the same issues and arguments upon which
10  the Court has already ruled. The sufficiency of the process Plaintiff received was the subject
11  of his Count II. (*See* ECF No. 10 at 8). The Court re-affirms the dismissal of defendant
12  Carpenter from Plaintiff's Count I First Amendment retaliation claim.

13      Plaintiff next asserts that he must be afforded full and fair due process before suffering
14  the consequences of a disciplinary action. (ECF No. 12 at 4). Plaintiff asserts that he was not
15  given fair notice or an opportunity for witnesses to give full testimony. (*Id.* at 5). No *Wolff*-type
16  due process protections apply, however, unless the result of the hearing is a punishment that
17  impairs a constitutionally cognizable liberty interest as defined in *Sandin v. Connor*, 515 U.S.
18  472 (1995). Plaintiff alleges that he suffered disciplinary action, negative classification, "harsh"
19  custody, transfer, etc. (ECF No. 12 at 4).

20      As stated in the Court's screening order, Plaintiff has no state-created liberty interest
21  in avoiding transfer or disciplinary segregation, for the court concludes that these punitive
22  sanctions were not atypical hardships under *Sandin*. (*See* ECF No. 9 at 5:13-15 (citation
23  omitted)). As Plaintiff fails to identify a liberty interest which would trigger *Wolff*-type due
24  process protections, his allegations concerning the deficiencies of the disciplinary proceedings
25  are not enough to state a colorable due process claim. The Court re-affirms the dismissal of
26  Plaintiff's Count II due process claim.

27      As such, Plaintiff's motion for reconsideration is denied.

28  **II.    MOTION TO FILE AND MOTION TO EXTEND TIME**

1    Plaintiff's motion to file the complaint (ECF No. 6) is denied as moot: Plaintiff's

2    complaint was filed on August 19, 2016.  (*See* ECF No. 10).  Plaintiff's motion to extend time

3    to effect service of complaint (ECF No. 7) is denied as Plaintiff's complaint was filed on August

4    19, 2016 and no extension for service is needed as of yet.

5    **III.    LEAVE TO AMEND**

6         As Plaintiff filed this motion for reconsideration, the Court will grant him an additional

7    fifteen days from the date of the entry of this order to file any amended complaint.  Plaintiff is

8    granted leave to file an amended complaint to cure the deficiencies of the complaint.  If

9    Plaintiff chooses to file an amended complaint he is advised that an amended complaint

10   supersedes the original complaint and, thus, the amended complaint must be complete in

11   itself.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir.

12   1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an

13   amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896,

14   928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required

15   to reallege such claims in a subsequent amended complaint to preserve them for appeal).

16   Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that

17   Plaintiff wishes to pursue in this lawsuit.  Moreover, Plaintiff must file the amended complaint

18   on this Court's approved prisoner civil rights form and it must be entitled "First Amended

19   Complaint."

20        The Court notes that if Plaintiff chooses to file an amended complaint curing the

21   deficiencies of the complaint, as outlined in this order, Plaintiff shall file the amended

22   complaint within fifteen (15) days from the date of entry of this order. If Plaintiff chooses not

23   to file an amended complaint curing the stated deficiencies, this action shall proceed on Count

24   I against defendants Mosely, V. Olivas, R. Olivas, and Byrne only.

25   **III.    CONCLUSION**

26        For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for reconsideration

27   (ECF No. 12) is DENIED.

28        IT IS FURTHER ORDERED that Plaintiff's motion to file complaint (ECF No. 6) is

DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff's ex parte motion to extend time to effect service of complaint (ECF No. 7) is DENIED.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in the original screening order, Plaintiff shall file the amended complaint within fifteen (15) days from the date of entry of this order.

IT IS FURTHER ORDERED that if Plaintiff chooses not to file an amended complaint curing the stated deficiencies of the complaint, this action shall proceed on Count I against defendants Mosely, V. Olivas, R. Olivas, and Byrne only.

DATED: This 18th day of October, 2016.

_____
United States District Judge

4