**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| KENNETH FRIEDMAN, | ) | 3:16-cv-00016-RCJ-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | Re: ECF Nos. 44, 45 |
| QUENTIN BYRNE, *et al.*, | ) | |
| Defendants. | ) | |

Before the court is Plaintiff's Motion for Counsel and Motion for Judicial Notice of Exhibits in Support of Motion for Counsel (ECF No. 44). Plaintiff states in his motion that he "has been (and continues to be) subjected to severe disciplinary actions, retaliatory transfers, harmful records by the defendants, their agents, and successors, and other action in concert with them adversely impacting his conditions of incarceration (programs, ability to process grievances free of retribution, access the courts free of retribution) as shown in the sworn/verified complaint." (*Id.* at 1.) Plaintiff further states that "as a prisoner, I do not have adequate access to phones, mails, confidential contact with inmate witnesses or NDOC staff to conduct federal discovery for summary judgment, opposition or trial." (*Id.* at 4.)

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will grant the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. Plaintiff's motion discusses neither of these factors.

Plaintiff, as reflected in his prior filings, has indeed shown an ability to articulate his claims. (ECF Nos. 6, 7, 12, 14, 15, 17, 29.); his current motions also demonstrate that ability.

In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

> If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel.

The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying the request for appointment of counsel because the Plaintiff failed to establish the case was complex as to facts or law. 789 F.2d at 1331.

The substantive claim involved in this action is not unduly complex. Plaintiff's First Amended Complaint was found to state a claim of retaliation against Defendants Moseley, V. Olivas, R. Olivas, and Byrne. (ECF No. 19 at 7.) Attaching some 340+ pages of exhibits to his combined motion for appointment of counsel/motion for judicial notice (ECF Nos. 44, 45) does not make his case unduly complex. Additionally, most of the grounds Plaintiff asserts are beyond the purview of this case. *See*, Screening Order, ECF No. 19.[1]

Similarly, with respect to the *Terrell* factors, Plaintiff has failed to convince the court of the likelihood of success on the merits of his claims. In fact, Plaintiff's motion (ECF No. 44) contains *no* discussion of why Plaintiff believes he will prevail in this action. That flaw alone is fatal to Plaintiff's request for this court to exercise its discretion to appoint counsel.

///

---

[1] Plaintiff complains of additional acts of alleged retribution, institution transfer, "program restrictions," retaliation, "harmful records," which are not components of Plaintiff's case. (ECF No. 44 at 1-4.)

As discussed above, Plaintiff states that as a *pro se* inmate, he is hampered by his inability to investigate the claims and defenses, pursue depositions, interview witnesses, etc. The case Plaintiff cites regarding appointment of counsel, *Koerschner v. Warden*, 508 F.Supp.2d 849 (D. Nev. 2007) was a habeas case, not a civil rights action under 42 U.S.C. § 1985. Appointment of counsel in a habeas corpus action is governed by 18 U.S.C. § 3006A(a)(2)(B). Appointment of counsel in a § 1983 action is governed by 28 U.S.C. § 1915(e)(1). The standards pertaining to a court's exercise of its discretion to appoint counsel are constrained by the *Wilborn* and *Terrell* criteria, which as the court noted above neither of which was satisfied by Plaintiff.

While any *pro se* inmate such as Mr. Friedman would likely benefit from services of counsel, that is not the standard this court must employ in determining whether counsel should be appointed. *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

The United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or to litigate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

The court does not have the power "to make coercive appointments of counsel." *Mallard v. U. S. Dist. Ct.*, 490 US 296, 310 (1989). Thus, the Court can appoint counsel only under exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) [cert den 130 S.Ct. 1282 (2010)]. Those exceptional circumstances do not exist in this case.

In the exercise of the court's discretion, it **DENIES** Plaintiff's motion (ECF No. 44). Accordingly, Plaintiff's motion for judicial notice (ECF No. 45) is **DENIED** as moot.

**IT IS SO ORDERED.**

DATED: February 28, 2018.

_William G. Cobb_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE